Larry G. Dyslin Colorado Motor Vehicle Dealer Board 140 West Sixth Avenue, #106 Denver, CO 80204
Dear Mr. Dyslin:
I am writing in response to your June 4, 1982 request for an attorney general opinion on whether the Colorado State Forest Service's fabrication of firefighting vehicles and sale thereof to government agencies is exempt from state motor vehicle manufacturer/dealer licensing requirements.
QUESTIONS PRESENTED AND CONCLUSIONS
Your inquiry raises four questions:
1. Is the Forest Service acting as a "manufacturer" within state licensing law when it fabricates firefighting vehicles?
 So long as the Forest Service merely adds firefighting equipment to an existing chassis, it is not acting as a manufacturer under the licensing law.
2. Is the Forest Service acting as a "dealer" within state licensing law when it sells firefighting equipment at minimal cost to rural firefighting departments?
 So long as the Forest Service does not intend to make a profit or other gain by vehicle sales, it is not acting as a dealer under the licensing law.
3. Does the licensing law exempt governmental entities performing official statutory duties from the manufacturer and/or dealer licensure requirements?
 The licensing law specifically exempts from the definition of dealer "public officers while performing their official duties." No similar exemption is provided from the definition of manufacturer.
4. Does the forest service's sale of equipment to rural firefighting departments constitute official duties exempted from licensure?
 The service sells firefighting equipment to rural departments exempt from licensing as part of its official cooperation with localities to promote the state's public policy of forest fire prevention and control.
ANALYSIS
1. The state motor vehicle dealer licensing law defines "manufacturer" as any person or entity "who manufactures or assembles new and unused motor vehicles." C.R.S. 1973, 12-6-102(11). A "new motor vehicle" is defined by dealer board regulation 12-6-102(12) as any such vehicle which is being transferred for the first time or which is sold by a licensed dealer franchised by the manufacturer of that make.1 C.C.R. 205-1. Any vehicle not qualifying as "new" is deemed "used".Id.
The Forest Service has informed us that in producing firefighting vehicles such as the "Versa Tanker" it adds firefighting equipment according to the needs of the ordering rural organization to an existing, commercially produced chassis. Although the underlying chassis and the equipment added will vary for each unit produced, the chassis always remains intact.
You have informed me that under similar circumstances it has been board policy to distinguish a motor vehicle "manufacturer" from a nonmanufacturer based on whether or not the entity alters the purchased chassis in the process. For example, Winnebago is considered a manufacturer because it purchases a chassis, lengthens it, and adds its own body. By contrast, a custom-van firm which adds a body and fittings to a purchased chassis without altering the chassis itself is not subject to board licensure as a manufacturer.
Although this board policy is not memorialized in a rule or regulation, the courts give great weight to an administrative agency's interpretation and historical application of its organic law. E.g., King v. Bergland,517 F. Supp. 1363, 1367, 1368 (D. Colo. 1981); Van Pelt v. State Boardfor Community Colleges and Occupational Education, 195 Colo. 316,323, 577 P.2d 765, 770 (1978). Accordingly, for purposes of your question, the above board criterion for distinguishing between manufacturer and nonmanufacturer, together with the above cited statutory and regulatory provisions is the controlling standard. Inasmuch as the "Versa Tanker" and other firefighting vehicles are built on previously purchased chassis and as explained below are not sold by a franchised and licensed dealer they must be considered "used." The Forest Service cannot therefore be considered a manufacturer requiring a license.
2. The definition of a "dealer" in used or new motor vehicles includes any person who sells such vehicles "with intent to make a profit or gain of money or other thing of value." C.R.S. 1973,12-6-102(13) and (17). By board regulation, "profit" may be "gain, benefit or advantage." 1 C.C.R. 205-1.
Our information is that the Forest Service had been providing free firefighting vehicles to rural fire departments and counties since 1957. Only recently have costs increased to the point where the service has begun to pass along some of the tool and equipment costs. Since the expectation of profit is absent from their operations, the Forest Service's historic donation and recent sale-at-cost of firefighting vehicles does not constitute "dealer" activities. The Forest Service therefore need not secure a dealer license to act in this regard.
3. and 4. The foregoing is buttressed by the fact that the licensing statute expressly excludes "public officers while performing their official duties" from the definition of motor vehicle dealer. C.R.S. 1973, 12-6-102(13)(b). There is no comparable exemption from the definition of manufacturer. C.R.S. 1973, 12-6-102(11).
As an arm of the Colorado Department of Agriculture, the Forest Service's statutory mandate includes the provision of fire protection for the state's forest resources. C.R.S. 1973, 23-30-202. In promoting the state policy to prevent and control forest fires, the service is directed to cooperate with counties and local agencies. C.R.S. 1973, 23-30-305.
Our information is that the Forest Service's provision of free and low cost equipment to rural fire departments allows certain sectors of government to provide otherwise unaffordable fire protection. This Forest Service function is therefore exempt from dealer licensure under the above noted provision as it is consistent with the service's statutory duty to improve firefighting capability in the state, particularly at local levels. See C.R.S. 1973, 12-6-102(13)(b).
SUMMARY
To briefly summarize my opinion, the Forest Service's assemblage of firefighting vehicles using commercially produced chassis and donation or sale-at-cost thereof to rural fire departments do not constitute activities that require a motor vehicle "dealer" or "manufacturer" license as defined by the licensing law. In addition, the Forest Service's conduct in this regard is pursuant to its statutory mandate and therefore expressly exempt from the "dealer" license requirement.
Very truly yours,
 J.D. MacFARLANE Attorney General
TAXATION AND REVENUE MOTOR VEHICLES, EMERGENCY FORESTS AND FORESTRY AGRICULTURE MOTOR VEHICLE LICENSE AND REGISTRATION
C.R.S. 1973, 12-6-102(1), (11), (12), (13), (17) C.R.S. 1973, 23-30-202 C.R.S. 1973, 23-30-305
REVENUE, DEPT. OF Colo Dealers Licensing Bd AGRICULTURE, STATE DEPT.
The Forest Service's assemblage of firefighting vehicles using commercially produced chassis and donation or sale thereof to rural fire departments do not constitute activities that require a motor vehicle "dealer" or "manufacturer" license as defined by the licensing law. In addition, the Forest Service's conduct in this regard is pursuant to its statutory mandate and therefore expressly exempt from the "dealer" license requirement.